IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GONZALEZ, et al., ) | Case No. 12-1007-SC |
| ) | |
| Plaintiffs, ) | ORDER GRANTING MOTION TO |
| ) | DISMISS |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A.; and DOES ) | |
| 1 through 10 inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

Plaintiff Maria Gonzalez ("Gonzalez") and twenty-nine other individual plaintiffs (collectively, "Plaintiffs") bring this action against Defendant Bank of America ("BofA") in connection with their home loans and mortgages. Now before the Court is BofA's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). ECF No. 17 ("MTD"). Plaintiffs filed an opposition to the motion over two weeks after the deadline set forth in the Civil Local Rules. ECF No. 19 ("Opp'n"). The Court finds this matter appropriate for resolution without oral argument. See Civ. L.R. 7-1(b). For the reasons set forth herein, the Court GRANTS BofA's motion.

///

## II. BACKGROUND

Plaintiffs are thirty property owners with addresses throughout California, Kentucky, and Arizona.[1] ECF No. 5 ("FAC") ¶ 5. The FAC is woefully short on specifics, but it appears that each of Plaintiffs may have taken out a subprime loan from Countrywide Financial ("Countrywide"), and then had difficulties making their loan payments. Plaintiffs allege that their loans "departed from all cognizable lending standards" and "were based upon highly inflated appraisals." Id. ¶ 13.

BofA acquired Countrywide in July 2008. Id. ¶ 8. Immediately prior to doing so, BofA entered into an agreement with attorney generals from several different states whereby BofA promised to offer loan modifications to Countrywide's borrowers. Id. ¶ 9. The modifications were to include principal reduction. Id.

Plaintiffs allege that BofA did not fulfill its promise under the settlement agreement. Id. ¶ 10. Instead of offering loan modifications with principal reduction, Plaintiffs allege that BofA sought to foreclose against homeowners' properties. Id. Plaintiffs do not specifically allege that they were offered or denied a loan modification or any other pertinent details concerning the status of their individual loans. They do vaguely allege that "[BofA] has or will in the future cause Notices of Default to be recorded against the primary residential properties of many Plaintiffs . . . ." Id. ¶ 33.

Plaintiffs assert four causes of action in their FAC: (1) rescission, (2) fraudulent concealment, (3) injunctive relief, and

---

[1] Thirty borrowers are listed in the caption, but only twenty-nine are identified in the text of the pleading.

(4) wrongful foreclosure pursuant to California Civil Code section 2923.5. Id. ¶¶ 11-34. They seek damages and injunctive relief, among other things.

**III. DISCUSSION**

    **A.    Plaintiffs' Late-Filed Opposition**

BofA filed its motion to dismiss on June 14, 2012. Pursuant to Civil Local Rule 7-3(a), Plaintiffs' opposition to the motion should have been filed on or before June 28, 2012. It was not. On July 5, 2012, BofA filed a reply, asking the Court to reject any late-filed papers as untimely and dismiss Plaintiffs' action with prejudice. ECF No. 28. On July 13, 2012, over two weeks after the deadline, Plaintiffs filed an opposition to BofA's motion. Plaintiffs' counsel has offered no explanation for their late filing.

Though the Court cannot condone such a flagrant violation of the Local Rules, dismissing Plaintiffs' action on account of their attorneys' late filing would be unjust. In any event, as detailed below, the arguments advanced in Plaintiffs' late-filed opposition do not alter the Court's ultimate decision on BofA's motion. The Court warns Plaintiffs' counsel that future late filings may result in dismissal of this action with prejudice for lack of prosecution.

    **B.    Improper Joinder**

BofA argues that the thirty plaintiffs to this action are improperly joined under Federal Rule of Civil Procedure 20. Rule 20(a)(1) provides for permissive joinder of plaintiffs in cases such as this where (A) the plaintiffs "assert any right to relief . . . arising out of the same transaction, occurrence, or series of

transactions or occurrences"; and (B) there are common questions of law and fact.

Here, Plaintiffs clearly fail to satisfy the first prong of the permissive joinder test since their claims arise out of at least twenty-six different loan transactions.[2] See FAC ¶ 5. Plaintiffs argue that "[t]heir claims arise out of the same alleged conduct," but do not go into any further detail. Opp'n at 4. The Court assumes that Plaintiffs are referring to the alleged violations of the settlement agreement between BofA and the state attorneys general. However, multiple violations of a single agreement cannot create a common transaction or occurrence, see Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997), and it is not clear from the pleadings that BofA allegedly violated the agreement with respect to each of the plaintiffs named in this action. Plaintiffs have not alleged that they were not offered or were denied a loan modification. Nor have Plaintiffs alleged whether any or all of them were eligible for a loan modification under the terms of the settlement agreement. Further, many of Plaintiffs' claims appear to arise out of Countrywide's conduct at loan origination, long before the settlement agreement was executed. See, e.g., FAC ¶ 13, 18.

Since there has been an improper joinder, all plaintiffs except Gonzalez -- the first named plaintiff -- are DISMISSED WITHOUT PREJUDICE. See Fed. R. Civ. P. 21; Coughlin, 130 F.3d at 1350. The dismissed plaintiffs may re-file separate actions in the

---

[2] Some of the thirty plaintiffs jointly entered into loan transactions. See FAC ¶ 5.

4

appropriate jurisdiction and venue.  The Court addresses the adequacy of the FAC with respect to Gonzalez below.

### C. Pleading Requirements

BofA argues that Gonzalez's claims should be dismissed because Plaintiffs have failed to comply with the basic pleading requirements set forth in Federal Rule of Civil Procedure 8.  MTD at 6-7.  Plaintiffs do not meaningfully respond to this argument in their opposition papers.

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Courts have interpreted Rule 8 to mean that the allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery."  Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Here, the FAC's allegations with respect to Gonzalez (as well as the other twenty-nine plaintiffs) do not rise to the level of the plausible.  The FAC does not allege any facts with respect to Gonzalez other than her name and address.  For example, the FAC does not allege that Gonzalez has a loan or mortgage from BofA or Countrywide, that she is in need of or eligible for a loan

modification, or that BofA has foreclosed or has threatened to foreclose on her property.

Further, the specific claims alleged in the FAC amount to little more than "threadbare recitals of the elements of [] cause[s] of action." See Iqbal, 556 U.S. at 662. The first cause of action for rescission asserts that Plaintiffs received loans which "1) departed from all cognizable lending standards, 2) were based upon highly inflated appraisals, and[] (3) which would eventually adjust into a payment which was completely unaffordable to plaintiffs." FAC ¶ 13. However, Plaintiffs do not allege, inter alia, what lending standards were violated or how. Nor do they allege the specific loan payment amounts or why these amounts were unaffordable. As the rescission claim appears to involve allegations of fraud, it also falls far short of the heightened pleading standards set forth in Federal Rule of Civil Procedure 9(b).

The FAC's second claim for fraudulent concealment is even more implausible. The FAC does not even allege the elements of the cause of action, let alone the particularized factual allegations that are necessary to state a cognizable claim for fraud. See Fed. R. Civ. P. 9(b). In fact, it is not altogether clear from the FAC what has been concealed or from whom, why BofA had duty to disclose the unidentified concealed facts, or how the concealment caused Gonzalez injury. See Bank of Am. Corp. v. Superior Court, 198 Cal. App. 4th 862, 870 (Cal. Ct. App. 2011) (setting out the elements for a claim for fraudulent concealment).[3]

---

[3] BofA argues that Gonzalez's first and second claims are time-barred. This argument might have merit, but the Court declines to address it at this time. The FAC is so vague that the Court cannot

The FAC's third claim for injunctive relief is not a cause of action at all. <u>Shamsian v. Atl. Richfield Co.</u>, 107 Cal. App. 4th 967, 984-85 (Cal. Ct. App. 2003). An injunction is a remedy, not a claim, and its availability necessarily depends on the validity of an underlying cause of action which affords that type of relief.

Finally, the FAC's fourth claim for wrongful foreclosure is too conclusory to be plausible. The claim is predicated on California Civil Code section 2923.5, FAC ¶ 31, which requires the "mortgagee, trustee, beneficiary, or authorized agent" seeking to file a notice of default to first contact the borrower in person or by telephone "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," Cal. Civ. Code § 2923.5(a)(2). It is not clear from the FAC whether a notice of default has been issued in connection with Gonzalez's loan and, if it has, whether BofA complied with section 2923.5's requirements. Plaintiffs merely allege that BofA "has or will in the future cause Notices of Default to be recorded" on "many Plaintiffs." FAC ¶ 33. Such imprecise and vague allegations are clearly inadequate.

In sum, Gonzalez's first, second, and fourth claims are too vague to be cognizable, and her third claim fails as a matter of law.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS BofA's Motion to Dismiss. The Court finds that Plaintiffs have been improperly

---

determine when the alleged misconduct occurred or when Gonzalez could have discovered it.

7

joined and, therefore, DISMISSES from this action all plaintiffs except Maria Gonzalez. The dismissed plaintiffs may re-file separate actions in the appropriate jurisdiction and venue. As to Gonzalez's claims, her third cause of action for injunctive relief is DISMISSED WITH PREJUDICE. Gonzalez's first, second, and fourth causes of action are DISMISSED with leave to amend. Gonzalez may amend her complaint within thirty (30) days of this Order. Failure to do so will result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

Dated: August 24, 2012

UNITED STATES DISTRICT JUDGE